PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* LUIS BARBOSA, Defendant and Appellant.

No. 2342. Argued March 18, 1925.—Decided April 8, 1925.

1. SEDUCTION—INDICTMENT—SECOND INDICTMENT FOR SAME CRIME.—When an indictment for a felony is quashed a new indictment may be presented without a special order of the court.

2. ID.—EVIDENCE.—In a prosecution for seduction evidence is admissible to show that the defendant took care of the seduced woman when she was being delivered of their child.

3. ID.—ID.—A witness who did not testify before the grand jury may be called to testify for the prosecution at the trial.

First District Court of San Juan, Charles E. Foote, J. Judgment convicting the defendant of the crime of seduction. *Affirmed.*

*M. Gaetán Barbosa* and *Román Díaz Collazo* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

By the judgment appealed from the defendant was sentenced to two years in the penitentiary for the crime of seduction. In asking for its reversal four errors are assigned.

[1] The first assignment refers to a motion to quash the indictment. The ruling of the court does not appear in the record. Only the motion of the defendant and the opposition of the district attorney are transcribed. Such being the case, the assignment might be ignored, for although the fact that the case was proceeded with seems to imply that the motion was overruled, it may be that the

question was not finally submitted to the decision of the court.

Going, however, into the merits of the question, we are of the opinion that no error was committed. The indictment filed was quashed on motion of the defendant on August 23, 1922, for the reason that more then 120 days had elapsed without his having been brought to trial. Subdivision 2 of section 448 of the Code of Criminal Procedure. On June 6, 1923, he was arraigned on a new indictment and moved that it should be quashed on the ground that as the court, in quashing the first indictment, did not order that a new indictment be filed, the district attorney was not empowered to do so, and because 283 days had elapsed between the first order to quash and the new arraignment, in violation of section 148 of the Code of Criminal Procedure.

Chapter VI of Title XI of the Code of Criminal Procedure, which treats of dismissals, contains nothing concerning second indictments except the provision of section 452 which reads as follows: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

The statute does not require an order of the court. The offense in this case being a felony, it is only necessary that the action should be brought within the time fixed by section 78 of the Penal Code.

Section 148 of the Code of Criminal Procedure, relied upon by the appellant, is not applicable. It does not refer to the dismissal of a prosecution, but to the quashing of an indictment when the court orders that a new indictment be filed and the defendant remains in custody or on bail.

[2] The second assignment is that the court erred in allowing one of the witnesses to answer a question as to

whether the defendant had taken care of the seduced woman when she gave birth to their child. The assignment is without merit. As held by the district court, the question had relation to the act of sexual intercourse, which is one of the elements of the crime.

[3] The third assignment brings up the following question: ''The defendant was given a copy of the indictment found by the grand jury. In compliance with the law it was endorsed with a list of names of the witnesses and the list did not contain the name of Anastasio Castro, who was permitted to testify at the trial over the objection of the defendant.''

Subdivision 4 of section 52 of Act No. 58 of 1919 (Session Laws of 1919, p. 318) establishing the grand jury, which is cited by the appellant, reads as follows:

''The indictment must be set aside by the court upon motion of the defendant made at the time of the reading of the indictment, in any of the following cases: * * * 4.—When the names of the witnesses examined before the grand jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment or indorsed thereon.''

This section refers to the arraignment and not to the trial. The defendant admits that the indictment contained the names of the witnesses who testified before the grand jury. The law, therefore, was complied with. There is nothing in it to preclude the offering at the trial of the testimony of a witness not examined by the grand jury, provided, of course, that the rights of the defendant are properly safeguarded.

The fourth assignment refers to the weighing of the evidence. We have examined it carefully and in our opinion it is sufficient to support the charge.

The judgment appealed from must be affirmed.